UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LISA CATER,

                              Plaintiff,

v.                                                Civil Action No. _____

RUSHMORE SERVICE CENTER, LLC,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices and the Telephone Consumer Protection Act of 1991 (hereinafter referred to as the "TCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Lisa Cater, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Rushmore Service Center, LLC., (hereinafter "Rushmore") is a foreign limited liability corporation organized and existing under the laws of the State of South Dakota and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. That at all times relevant herein, Defendant owned, operated and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C.§153(14), that originated, routed, and/or terminated telecommunications.

1

8. That at all times relevant herein, Plaintiff was and is a "person" as defined by the TCPA, 47 U.S.C.§153(32).

9. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

10. That Defendant, at all times relevant herein, engaged in "interstate communications" as that term is defined by the TCPA, 47 U.S.C.§153(22).

11. That Defendant, at all times relevant herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C.§153(43).

12. That Defendant, at all times relevant herein, used, controlled and/or operated "wire communications" as defined by the TCPA, 47 U.S.C.§153(52), that existed as instrumentalities of interstate and intrastate commerce.

13. That Defendant, at all relevant times herein, used, controlled and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C.§227(a)(1) and 47 C.F.R. 64.1200(f)(1).

14. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

15. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

16. That Plaintiff allegedly incurred a debt on a First Premier Bank credit card. This debt will be referred to as "the subject debt."

17. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. That Plaintiff thereafter allegedly defaulted on the subject debt.

19. That upon information and belief, Defendant, was employed by the account holder, First Premier Bank, to collect the subject debt.

20. That the Defendant began calling the Plaintiff on her cellular telephone in or about February 2020 in an attempt to collect on the subject debt.

21. That the Defendant initiated multiple telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or transmitted prerecorded voice messages and/or transmitted messages using an artificial voice.

22. That Plaintiff never provided her prior express consent to the Defendant to receive telephone calls from them to her cellular telephone.

23. That during the first few of these calls in February, the Plaintiff instructed the Defendant to stop calling her.

24. That despite her instruction, the Defendant continued to call the Plaintiff on her cellular telephone.

25. That on or about the June 18, 2020, Defendant began calling Plaintiff at least twice per day.

26. That on July 30, 2020, Defendant called Plaintiff 14 times in a row at 9:42 AM and twice in a row at 4:34 PM.

27. That on July 31, 2020, Defendant called Plaintiff 13 times in a row at 8:53 AM.

28. That on August 6, 2020, Defendant called Plaintiff at least 13 times, placing 13 calls at 3:51 PM.

29. That on August 7, 2020, Defendant called Plaintiff at least 13 times, placing a call at 9:42 AM, two calls at 12:18 PM, and ten calls at 12:19 PM.

30. That on August 8, 2020, Defendant called Plaintiff 14 times in a row at 10:21 AM.

31. That on August 10, 2020, Defendant called Plaintiff four times consecutively at 9:55 AM and four times consecutively at 4:30 PM.

32. That on August 11, 2020, Defendant called Plaintiff six times consecutively at 10:00 AM and three times consecutively at 10:01 AM.

33. Many if not all of the above-mentioned telephone calls were made using an automatic dialing system as defined by the TCPA and/or transmitted prerecorded voice messages and/or transmitted messages using an artificial voice.

34. Despite Plaintiff not providing express consent to the Defendant to receive calls to her cellular telephone by an ATDS, Defendant knowingly and deliberately called Plaintiff on her cellular telephone using an automatic dialing system as defined by the TCPA.

35. That Defendant called representing itself as "Premier Bank."

36. That on August 14, 2020, Plaintiff contacted Defendant, who informed her that they were not Premier Bank and stated that had sent a letter to her address.

37. Plaintiff never received a 30-day validation notice from the Defendant within five days of the initial communication.

38. That the calls made by the Defendant rendered Plaintiff's telephone unavailable to receive incoming calls or to otherwise use during the unwanted calls.

39. That Plaintiff was annoyed and upset over receiving the above calls from the Defendant.

40. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

41. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 40 above.

42. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d (5) by causing Plaintiff's telephone to ring repeatedly and engaging conduct the natural consequence of which is to harass, oppress, or abuse while attempting to collect the subject debt

    B. Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(10), and 15 U.S.C. § 1692e(14) by engaging in false, deceptive, or misleading representation to collect a debt by using a name other than the true name of Defendant's business.

    C. Defendant violated 15 U.S.C. § 1692g by failing to send a 30 day validation notice within five days of the initial communication.

43. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

44. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

45. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or using an artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

46. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

47. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

48. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed her peace and tranquility at home and elsewhere.

49. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience emotional distress.

50. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys' fees.

51. Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

52. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling each Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3)

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a)  Actual damages;

    (b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    (d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: January 23, 2021

                                              /s/ Seth J. Andrews
                                              Seth J. Andrews, Esq.
                                              Law Offices of Kenneth Hiller, PLLC
                                              *Attorneys for the Plaintiff*
                                              6000 North Bailey Ave., Suite 1A
                                              Amherst, NY 14226
                                              (716) 564-3288
                                              Email: sandrews@kennethhiller.com